UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN LEE FIDIAS PARDO BRACHO,

Petitioner,

v. Case No. 3:26-cv-2861-MMH-SJH

PATROL AGENT IN CHAR TAMPA STATION U.S. BORDER PATROL, et al.,

Respondents.

---

**ORDER**

Petitioner Bryan Lee Fidias Pardo Bracho, an immigration detainee, initiated this action through counsel by filing a Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on October 1, 2026. See generally Petition. Pardo Bracho, a citizen of Venezuela, was temporarily detained at the border and paroled into the United States on January 28, 2023. Id. at 2. He subsequently filed an asylum application, which is still pending. Id. On September 30, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Pardo Bracho. Id. As relief, he seeks, inter alia, release from custody or, alternatively, a bond hearing. Id. at 52.

Pardo Bracho argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 32–43. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Pardo Bracho, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Pardo Bracho was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Pardo Bracho's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either

[1] Because the Court finds that Pardo Bracho is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting

afford Pardo Bracho an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Pardo Bracho, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

---

relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Pardo Bracho is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).